**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0237-17T2

U.S. BANK, N.A., Successor
Trustee to Bank of America,
N.A., Successor in Interest to
LaSalle Bank N.A., as Trustee,
on Behalf of the WaMu
Mortgage Pass-Through
Certificates, Series 2007-HY3,

      Plaintiffs-Respondents,

v.

MICHAEL R. BELLO, his/her heirs,
devisees, and personal representatives,
and his, her, their or any of their
successors in right, title and interest,

      Defendant-Appellant,

and

MRS. MICHAEL R. BELLO, wife of
MICHAEL R. BELLO, BANK OF NEW
JERSEY, STEVEN SEGALAS, ESQ.,
his/her heirs, devisees, and personal
representatives, and his, her, their or
any of their successors in right, title
and interest, and SMS FINANCIAL
XXVII LLC,

Defendants.

_____

Submitted November 8, 2018 – Decided February 7, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-026317-14.

Ira J. Metrick, attorney for appellant.

Milstead & Associates, LLC, attorneys for respondent (Joel H. Aronow, on the brief).

PER CURIAM

In this foreclosure action, defendant Michael R. Bello appeals from: the Chancery Division's order granting summary judgment to Bank of America, NA (BOA); a final judgment of foreclosure entered after default was granted; and the denial of his motion to reconsider the grant of summary judgment.

Defendant reprises the arguments made to the trial court and contends BOA's motion for summary judgment should have been denied because of numerous standing issues: insufficient evidence that BOA was the holder of the note at the time the complaint was filed; the note was not endorsed to BOA; the certification supporting the motion for summary judgment was not based on personal knowledge, did not set forth the documents relied upon by the witness,

and did not establish that BOA was entitled to enforce the note under N.J.S.A. 12A:3-301. He further argues the trial court erred by concluding the assignments listed in public Security and Exchange Commission filings did not have to be listed in the complaint as required by Rule 4:64-1(b)(10); and the "sole assignment relied upon by [BOA] could not have assigned the mortgage to [BOA]." We are unpersuaded by any of these arguments and affirm.

In a March 2006 refinance, defendant executed an adjustable rate note for $1,235,000 to Washington Mutual Bank, F.A. (WaMu) and granted the bank a first mortgage on a Forked River property which was recorded on April 7, 2006. JPMorgan Chase Bank, NA, (JPMorgan) purchased the loans and assets of Washington Mutual Bank (Washington Mutual), formerly known as WaMu, from the Federal Deposit Insurance Corporation (FDIC) – which was acting as the receiver for Washington Mutual – in October 2008. In May 2010, JPMorgan assigned defendant's mortgage to BOA, successor by merger to LaSalle Bank NA (LaSalle), as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY3 Trust (HY3 Trust). The assignment was recorded on May 14, 2010. U.S. Bank, NA, was the last successor trustee of the HY3 Trust.

Defendant failed to make his monthly mortgage payments and the loan entered into default on June 1, 2010. On June 26, 2014, BOA filed a foreclosure

A-0237-17T2

complaint against defendant. In his contesting answer, defendant acknowledged he executed the note and mortgage but denied the loan was in default.

In its September 1, 2016 motion to substitute plaintiff, grant summary judgment and strike defendant's answer, plaintiff relied upon the certification of an employee of plaintiff's servicer and agent, Select Portfolio Servicing, Inc. (SPS), who certified that plaintiff was the holder of the note and was assigned the mortgage on May 3, 2010.[1] The employee attached copies of the note, mortgage and assignment to her certification.

The Chancery Division judge, in granting summary judgment, striking defendant's answer and forwarding the case to the Office of Foreclosure to proceed as an uncontested matter, found: defendant did not dispute the validity of the note or mortgage; the servicing company's employee's certification, and the documents – including the note, mortgage, assignment and NOI, all of which the judge found were business records – established BOA's standing; defendant had no standing to challenge the assignment agreements as he was not a party to

---

[1] In her certification, the employee represented that SPS was "[p]laintiff's authorized servicer and agent for U.S. Bank, NA, successor trustee to [BOA]."

them; there was no break in the chain of title; and BOA had standing as successor in interest to LaSalle as trustee for Washington Mutual.[2]

Summary judgment should be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the motion judge's decision de novo and afford his ruling no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party" in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994); accord

---

[2]  The judge also granted the motion to substitute U.S. Bank, NA, successor trustee to BOA, successor in interest to LaSalle, as trustee, on behalf of the HY3 Trust as plaintiff and denied defendant's cross-motion for summary judgment. Defendant did not appeal those rulings.

Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998). The right to foreclose arises upon proof of execution, recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Inasmuch as defendant does not dispute that he executed the note and mortgage, or his June 2010 default, and the record supports BOA's standing to foreclose, summary judgment was correctly granted.

Contrary to defendant's arguments, BOA demonstrated standing by submitting proof of the pre-complaint assignment of mortgage. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing"). Plaintiff's servicing company's employee submitted with her certification a true and accurate copy of the note and the May 3, 2010 assignment of mortgage to BOA which was recorded on May 14, 2010 – well prior to the foreclosure complaint filing date of June 26, 2014. We agree with the judge that the certification, supported by the business records attached, established BOA's standing. N.J.R.E. 803(c)(6).

Defendant also argues WaMu, from which defendant obtained the loan, ceased banking operations and that there were multiple assignments between

6

2007, when the HY3 Trust was created,[3] and 2010, when JPMorgan assigned the mortgage to BOA. He contends BOA does not have "any rights to this [m]ortgage unless it can establish prior [a]ssignments into the [HY3] [T]rust," without proof of which BOA did not have standing "because the [t]rust cannot validly hold an interest because it failed to comply with the governing pooling and servicing agreement" which created the trust.

It is not disputed that BOA was successor in interest to LaSalle, which was the trustee of the HY3 Trust, and that defendant's mortgage was included in that trust; defendant included that portion of the pooling and servicing agreement establishing those relationships in the appendix to his merits brief. If there was a failure to comply with the pooling and servicing agreement, defendant, who was not a party to the agreement, lacks standing to challenge it. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010) ("[L]itigants generally have no standing to assert the rights of third parties."); see also Giles v. Phelan, Hallinan & Schmieg, LLP, 901 F. Supp. 2d 509, 532 (D.N.J. 2012) (finding plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another); Correia v. Deutsche

---

[3] Only a portion of the pooling and servicing agreement appointing LaSalle as the original trustee of the HY3 Trust, that included defendant's mortgage as an asset, is provided in the appendix.

A-0237-17T2

Bank Nat'l Tr. Co., 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) (finding debtors lacked standing to argue that assignment of their mortgage violated a pooling and servicing agreement because they were not parties to the agreement, nor third-party beneficiaries thereof).

We perceive no merit in defendant's argument that plaintiff violated Rule 4:64-1(b)(10) by not listing in the complaint additional assignments in the chain of title, beyond the one plaintiff recited from JPMorgan to BOA. Rule 4:64-1(b)(10) provides, "if the plaintiff is not the original mortgagee or original nominee mortgagee," the complaint shall state "the names of the original mortgagee and a recital of all assignments in the chain of title." BOA's complaint recited the March 20, 2006 origination of the mortgage by WaMu and the May 3, 2010 assignment from JPMorgan to BOA, the terms of which set forth JPMorgan's purchase of WaMu's assets, the FDIC's involvement, BOA's status as trustee of the relevant trust, and the Ocean County record of the trust.

As the judge found, U.S. Bank, BOA and LaSalle were trustees or successors of the HY3 Trust. As such, the judge correctly concluded "the mortgage remained in the same name." We do not read Rule 4:64-1(b)(10) to require trustees or successors of a trust created pursuant to a pooling and services agreement be recited in the foreclosure complaint.

A-0237-17T2

We determine the balance of defendant's arguments, to the extent we have not addressed them, to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). He raises no further arguments regarding the denial of his motion for reconsideration. We see no abuse of discretion in the denial of that motion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Defendant presents no competent evidence raising a genuine issue of material fact as to whether BOA is the proper party in interest to bring this foreclosure complaint. As noted, BOA had standing to bring this foreclosure action; the complaint – filed four years ago – set forth the basis for its standing. The complaint set forth all assignments; defendant has not presented proof of other assignments. There is no evidence another entity has attempted to enforce the note or mortgage since defendant's default. Defendant does not contend he suffered prejudice as a result of any alleged defect in the pleading. Defendant has not paid his mortgage since June 2010. Final judgment was entered on July 27, 2017. Summary judgment and final judgment were properly entered in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0237-17T2